

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2003

# USA v. Bennett

Precedential or Non-Precedential: Non-Precedential

Docket 01-1625

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Bennett" (2003). *2003 Decisions.* Paper 654.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/654

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No: 01-1625

———————

UNITED STATES OF AMERICA

v.

WALI BENNETT,
Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00409)
District Judge: Honorable Stewart Dalzell

———————

Submitted Under Third Circuit LAR 34.1(a)
on March 3, 2003

Before: ROTH, BARRYand FUENTES, <u>Circuit Judges</u>

(Filed April 16, 2003)

ROTH, <u>Circuit Judge</u>:

The defendant below, Wali Bennett, was indicted for possession with the intent to distribute some 16 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). The cocaine had been seized from Bennett by Drug Enforcement Agents (DEA) after Bennett traveled to Philadelphia from New York by train. Bennett moved to suppress the seized cocaine; the District Court judge denied the motion. Bennett pled guilty to the single count in the indictment and was sentenced to ten years imprisonment.

Bennett appealed, and his counsel filed an appellate brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). His counsel was unable to identify any non-frivolous issues to support Bennett's appeal and moved to withdraw. As required by <u>Anders</u>, counsel pointed out the issues and portions of the record that might arguably support an appeal. Bennett was given notice of his attorney's desire to withdraw, as required by <u>Anders</u>, so that Bennett could raise any issues for appeal in a *pro se* brief. Bennett failed to do so. We have reviewed the record and agree that there are no non-frivolous issues to appeal.

Bennett's counsel addressed whether Bennett could base an appeal on the District Court's denial of Bennett's motion to suppress physical evidence, and counsel determined that this claim would be frivolous. We agree. Bennett did not preserve his right to

challenge the pretrial suppression ruling and has waived the issue. <u>See, e.g.</u>, <u>United States v. Bentz</u>, 21 F.3d 37, 38 (3d Cir. 1994) (only a defendant entering into a conditional plea may appeal preserved issues). Additionally, we agree with the District Court that, in view of the totality of the circumstances, Bennett was not subject to a Fourth Amendment seizure. <u>See, e.g.</u>, <u>Florida v. Bostick</u>. 501 U.S. 429 (1991). Further, the District Court found that the agents had reasonable suspicion to seize Bennett for the purposes of a <u>Terry</u> investigative stop based on their observations of Bennett's behavior. <u>See generally</u> <u>Terry v. Ohio</u>, 392 U.S. 1 (1968). Finally, the record demonstrates that Bennett voluntarily consented to the agents' search of his bags.

For the foregoing reasons, we will affirm the judgment of the District Court and grant counsel's request to withdraw.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge